IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| M, A, YAH, | ) | 8:14CV32 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MIDLAND PROPERTIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff M, A, Yah ("Plaintiff") filed his Complaint in this matter on February 3, 2014. (Filing No. 1.) The court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against Midland Properties, LLC. Plaintiff generally alleges that he and Defendant are involved in a dispute over rent monies owed to Defendant. These disputes have been the subject of state court proceedings. Plaintiff alleges that Defendant's owner, Jerry Morgan, has attempted to "extort" Plaintiff out of rent money, he has breached a "lease/contract" between them, and he has disturbed Plaintiff's peace. Plaintiff alleges that he is "entitled to justice[] by having these issues heard in Federal Court." (Filing No. 1 at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim,

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failure to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citation omitted). Pro se litigants must comply with the Federal Rules of Civil Procedure. *See Burgs v. Sissel,* 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a Plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

In evaluating Plaintiff's claims, the court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

2

Furthermore, the plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Here, Plaintiff alleges that Defendant has "violated his Rights under the Constitution of the United States." (*See* Filing No. 1 at CM/ECF p. 1.) However, as discussed below, the court cannot determine whether jurisdiction is proper based on the information set forth in the Complaint.

### A. Diversity of Citizenship Jurisdiction

Subject-matter jurisdiction may be proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff has provided a Nebraska address for himself and a Nebraska address for Defendant. Thus, the citizens are not diverse, and subject-matter jurisdiction is not proper pursuant to 28 U.S.C. § 1332.

### B. Federal Question Jurisdiction

Subject-matter jurisdiction is also proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d

3

14, 15 (8th Cir. 1990). Under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *West*, 487 U.S. at 48. Courts have held that a private party's actions can be considered state action, or actions under color of state law, if the private party is a willful participant in joint activity with the State to deny constitutional rights. *See Magee v. Tr. of Hamline Univ, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014).

Here, Plaintiff does not set forth any allegation that could be liberally construed to violate any federal statute. While Plaintiff asserts a claim that Defendant has violated his civil rights, the Complaint lacks any indication that Defendant is a state actor. Moreover, even construing the Complaint liberally, it simply does not contain allegations reasonably suggesting he might have a valid discrimination claim under one of the Fair Housing Laws.[1] *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (reiterating a district court may ignore unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations). Accordingly, Plaintiff's allegations do not establish that federal-question jurisdiction exists in this matter. However, on the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth the grounds for this court's jurisdiction.

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days from the date of this Memorandum and Order to amend his Complaint to set forth a short and plain statement of the grounds for the court's jurisdiction. Failure to file an amended complaint in accordance with this

---

[1] *E.g.*, The Fair Housing Act prohibits discrimination in the terms, conditions, or privileges of rental of a dwelling based on race, color, religion, sex, familial status, national origin or handicap. 42 U.S.C. §§ 3604(b) and (f).

Memorandum and Order will result in dismissal of this matter without further notice to Plaintiff.

2. The court reserves the right to conduct further review of Plaintiff's claims pursuant to [28 U.S.C. § 1915(e)(2)](#) after Plaintiff addresses the matters set forth in his Memorandum and Order.

3. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: July 24, 2014: deadline for Plaintiff to amend.

4. Plaintiff must keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal of this matter without further notice.

DATED this 2nd day of June, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.